**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-13232
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RODOLFO RODRIGUEZ VAZQUEZ,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20147-DMM-2
_____

_____

No. 22-13233
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

2                    Opinion of the Court                22-13232

*versus*

JOSE MANUEL LEON MARIN,
   a.k.a. Jose Manuel Leon-Marin,

                                              *Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20147-DMM-1
_____

_____

No. 22-13275
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

                                              *Plaintiff-Appellee,*

*versus*

STANLEY JAVIER CABRERA,

                                              *Defendant- Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20147-DMM-3
_____

Before WILLIAM PRYOR, Chief Judge, and JORDAN and KIDD, Circuit
Judges.

PER CURIAM:

In these consolidated appeals, three drug smugglers challenge their convictions following their guilty pleas to conspiring to possess with intent to distribute five or more kilograms of cocaine upon the high seas while aboard a vessel subject to the jurisdiction of the United States. 46 U.S.C. §§ 70503(a)(1), 70506(b); 21 U.S.C. § 960(b)(1)(B). They argue that the Maritime Drug Law Enforcement Act is unconstitutional and that the district court lacked subject-matter jurisdiction. Two smugglers also argue that the district court clearly erred in denying them a role reduction under the Sentencing Guidelines. U.S.S.G. § 3B1.2(b). We affirm.

## I. BACKGROUND

In 2022, the Coast Guard boarded a vessel bearing no indicia of nationality about 111 miles off the coast of the Dominican Republic in international waters and upon the high seas. The vessel was traveling in an area known for drug trafficking. Rodolfo Rodriguez Vazquez, Jose Leon-Marin, and Stanley Javier Cabrera were aboard the vessel. Leon-Marin identified himself as the master of the vessel and made a claim of Venezuelan nationality. The Coast Guard contacted the Venezuelan government, which could neither confirm nor deny the nationality of the vessel.

Based on the response of the Venezuelan officials, the Guardsmen treated the vessel as without nationality and subject to the jurisdiction of the United States under the Maritime Drug Law Enforcement Act. 46 U.S.C. § 70502(d)(1)(C). They recovered 23 bales of cocaine aboard the vessel. They arrested the smugglers and brought them to the United States, and a federal grand jury

indicted the smugglers for conspiring to possess, and for possessing with intent to distribute, five or more kilograms of cocaine upon the high seas while on board a vessel subject to the jurisdiction of the United States. 46 U.S.C. §§ 70503(a)(1), 70506(b); 21 U.S.C. § 960(b)(1)(B).

The smugglers moved to dismiss the indictment. They argued that the Act's provision defining vessels as without nationality, when the claimed nation of registry fails to corroborate that claim, violates customary international law and exceeds Congress's authority under the Felonies Clause. U.S. CONST. art. I, § 8, cl. 10; 46 U.S.C. § 70502(d)(1)(C). They also argued that the Act was unconstitutional because their vessel was in the Dominican Republic's exclusive economic zone, which is not part of the "high seas" under customary international law, and that this exclusion meant that their conduct fell outside of Congress's authority under the Felonies Clause. U.S. CONST. art. I, § 8, cl. 10. The district court denied their motion.

The smugglers pleaded guilty to the conspiracy charge in exchange for a dismissal of the possession charge. A probation officer prepared a presentence investigation report for each smuggler. Vazquez's and Cabrera's reports stated that Marin offered them one million Dominican pesos to smuggle the cocaine aboard the vessel. The reports provided a base offense level of 38, United States Sentencing Guidelines Manual §§ 2D1.1(a)(5), (c)(1) (Nov. 2021), based on the 575 kilograms of cocaine the Coast Guard recovered, a 2-level reduction because Vazquez and Cabrera were

22-13232                Opinion of the Court                    5

eligible for statutory safety-valve relief, *id.* § 2D1.1(b)(18), and a 3-level reduction for acceptance of responsibility, *id.* § 3E1.1(a), (b), for a total offense level of 33. The reports calculated a criminal history category of I based on zero criminal history points. With an offense level of 33 and a criminal history category of I, Vazquez's and Cabrera's guideline ranges were 135 to 168 months' imprisonment.

Vazquez and Cabrera objected to not receiving a role reduction. Both argued that they were minor participants who lacked supervisory or managerial authority. Vazquez argued that he acted "at the direction of a coordinator" and "did not own the cocaine," and Cabrera argued that he exercised no control over the scope of the operation and that his duties were limited to "food and help[ing] with the fuel."

The district court overruled the objections and denied a role reduction. It found that although there were "undoubtedly a lot of other people along the line of the transport," the "huge amount of drugs entrusted in [the] three [smugglers]" and the "substantial amount of money" involved made the claim that the smugglers were "substantially less culpable" speculative and insufficient to meet their burden of proof. It sentenced Vazquez and Cabrera each to 96 months of imprisonment, and Marin to 120 months of imprisonment, with all sentences to be followed by two years of supervised release.

## II. STANDARDS OF REVIEW

Three standards govern our review. First, we review issues of subject-matter jurisdiction *de novo*. *United States v. Cabezas-Montano*, 949 F.3d 567, 588 & n.13 (11th Cir. 2020). Second, we review the interpretation of a statute and its constitutionality *de novo*. *Id.* at 586 n.10. Third, we review the denial of a role reduction for clear error. *Id.* at 605 n.38. We will not disturb a decision to deny a role reduction "unless we are left with a definite and firm conviction that a mistake has been made." *Id.* (internal quotation marks omitted).

## III. DISCUSSION

We divide our discussion into two parts. First, we explain that our precedents foreclose the smugglers' constitutional and jurisdictional challenges. Second, we explain that the district court did not clearly err in denying two smugglers a role reduction.

### A. *Our Precedents Foreclose the Smugglers' Constitutional and Jurisdictional Challenges.*

The smugglers make several constitutional challenges and one jurisdictional challenge to the Maritime Drug Law Enforcement Act. First, they argue that the Act is unconstitutional because the Dominican Republic's exclusive economic zone is not part of the "high seas," and enforcement of the Act in that zone exceeds Congress's power under the Felonies Clause. Second, they argue that Congress exceeded its authority under the Felonies Clause by enacting a definition of "vessel without nationality" in the Act that encompasses vessels not classified as stateless under customary

international law. Third, they argue, for the first time, that their prosecution violated the Due Process Clause of the Fifth Amendment and exceeded Congress's authority under the Felonies Clause because their offenses bore no nexus to the United States. And fourth, they argue, again for the first time, that the district court lacked subject-matter jurisdiction because the master of the vessel made a claim of Venezuelan *nationality*—not a claim of *registry* as required by the Act—when the Coast Guard boarded the vessel.

Our precedents foreclose these arguments. First, we have held that a nation's exclusive economic zone "is part of the 'high seas' for purposes of the Felonies Clause[.]" *United States v. Alfonso*, 104 F.4th 815 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 2706 (2025). Second, we have held that, because the Felonies Clause is "not limited by customary international law," "international law cannot limit Congress's authority to define 'stateless vessel' for purposes of the [Act]." *United States v. Canario-Vilomar*, 128 F.4th 1374, 1381 (11th Cir.), *cert. denied*, No. 25-5506 (U.S. Oct. 6, 2025). Third, we have held that the Act "is a valid exercise of Congress's power under the Felonies Clause as applied to drug trafficking crimes without a 'nexus' to the United States." *Cabezas-Montano*, 949 F.3d at 587 (citing *United States v. Campbell*, 743 F.3d 802, 809-10 (11th Cir. 2014)). And fourth, we have held that the Act "treats the terms 'nationality' and 'registry' as interchangeable throughout [section] 70502." *United States v. Gruezo*, 66 F.4th 1284, 1291 (11th Cir.), *cert. denied*, 144 S. Ct. 178 (2023). The Act is constitutional, and the district court had subject-matter jurisdiction under the Act. 46 U.S.C. § 70502(d)(1)(C).

### B. *The District Court Did Not Clearly Err in Denying Two Smugglers a Role Reduction.*

Vazquez and Cabrera argue that the district court erred in denying them role reductions because it failed to consider factors beyond the quantity of cocaine involved in the smuggling operation and the amount of money they were each to receive. Vazquez argues that the district court failed to weigh his culpability in comparison with more culpable members of the conspiracy, and Cabrera argues that the district court failed to conduct a fact-specific analysis of his participation. We disagree.

The Guidelines instruct district courts to decrease a defendant's offense level by two levels when he is a "minor participant." U.S.S.G. § 3B1.2. The defendant bears the burden of establishing that he is entitled to a role reduction by a preponderance of the evidence. *Gruezo*, 66 F.4th at 1293. The district court should consider "first, the defendant's role in the relevant conduct for which []he has been held accountable at sentencing, and, second, h[is] role as compared to that of other participants in h[is] relevant conduct." *United States v. Rodriguez De Varon*, 175 F.3d 930, 940 (11th Cir. 1999) (en banc). To assist with this task, the Guidelines provide a "non-exhaustive list of factors," such as "the degree to which the defendant understood the scope and structure of the criminal activity," "the degree to which the defendant participated in planning or organizing the criminal activity," "the degree to which the defendant exercised . . . or influenced the exercise of decision-making authority," the "nature and extent of the defendant's

participation," and "the degree to which the defendant stood to benefit from the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(C).

The district court did not clearly err when it denied Vazquez and Cabrera a role reduction. It found that Vazquez and Cabrera were not minor participants. Both smugglers knowingly took part in the illegal transportation of a large quantity of cocaine. Their role in transporting that cocaine through international waters was critical to the operation. Both were held accountable for only that conduct. *See* U.S.S.G. § 3B1.2, cmt. n.3(C); *Rodriguez De Varon*, 175 F.3d at 941-43. The substantial amount of money each was to receive for their role also establishes that they stood to benefit from the operation. *See* U.S.S.G. § 3B1.2, cmt. n.3(C). As we have repeatedly held, smugglers like Vazquez and Cabrera who perform a critical function in the smuggling operation and stand to receive substantial compensation play "an important or essential role," *Rodriguez De Varon*, 175 F.3d at 943, and a district court does not clearly err in denying them a role reduction. *See Gruezo*, 66 F.4th at 1294; *Cabezas-Montano*, 949 F.3d at 607; *United States v. Valois*, 915 F.3d 717, 732 (11th Cir. 2019).

## IV. CONCLUSION

We **AFFIRM** the convictions.